UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ECTOR SMEDLEY, | CIVIL ACTION NO. 04-6336 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant. | |

**THE COURT ISSUED** an order to show cause why (1) the claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, should not be dismissed, or (2) the action should not be remanded to New Jersey Superior Court, Mercer County, pursuant to 28 U.S.C. § ("Section") 1445(a). (2-17-05 Ord. to Show Cause.)

**THE PLAINTIFF** — Ector Smedley — brought an action against the defendant, National Railroad Passenger Corporation ("Amtrak"), in state court to recover damages for personal injuries under (1) common law negligence and (2) FELA. Smedley allegedly was injured while "in the employ of Holland Company as an assistant welder," and "Holland Company was an agent, servant, workman, and/or independent contractor of . . . Amtrak." (Compl., at 2 & 5.) Amtrak removed the action, and argued the Court has jurisdiction "because Amtrak was created by an Act of Congress, 49 U.S.C. § 20101 et seq., and more than half of its corporate stock is owned by the federal government. See 28 U.S.C. § 1349." (Remov. Not.,

at 2). Smedley opposed removal, and argued that "Amtrak is barred from removing this action by [Section] 1445(a), which provides in pertinent part that 'a civil action in any State Court against a railroad . . . arising under [FELA]' may not be removed to any District Court of the United States.'" (Pl. Opp. to Remov. Not., at 1.)

**THE PARTIES HAVE RESPONDED** to the Court's inquiry.[1] The Court will address this matter without oral hearing and on the papers. See Fed.R.Civ.P. 78.

### THE COURT WILL NOT DISMISS THE FELA CLAIM

The Court was concerned that FELA may not apply because Smedley was an employee of an independent contractor, and not of the defendant railroad, and thus the FELA claim should be dismissed. See 45 U.S.C. § 51 (stating FELA applies to railroad employees). But Smedley has correctly argued that whether he was "employed" by Amtrak is an issue of fact to be determined through discovery, and not from the pleadings, e.g., whether he was a borrowed servant or acting for two masters simultaneously. (Pl. Resp., at 7-9.) See Warrington v. Elgin, Joliet & E. Ry. Co., 901 F.2d 88, 90 (7th Cir. 1990) (stating plaintiff can establish "employment" with railroad for FELA purposes even if employed by

---

[1] The Court has reviewed (1) Amtrak's Memorandum of Law in Response, and the accompanying declaration and exhibits, (2) Smedley's Memorandum of Law in Response, and (3) Amtrak's Reply. (Dkt. entry nos. 9-11.)

2

another); Angelet v. Nat'l R.R. Passenger Corp., 913 F.Supp. 968, 969 (E.D. La. 1995) (same). Therefore, the Court will vacate the part of the order to show cause concerning dismissal of the FELA claim.

### THE COURT WILL REMAND THE ACTION

The Court's inquiry — in light of the aforementioned disposition — "require[s] an examination of the face of the complaint," and thus "the nature of [the] claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time [of] removal." Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979) (quotes and cites omitted). See GNB Battery Techs. v. Gould, Inc., 65 F.3d 615, 620 n.3 (7th Cir. 1995) (stating same).

An employee must bring an action to recover damages for personal injuries against a railroad under FELA, and not under a theory of common law negligence. Andricola v. Nat'l R.R. Passenger Corp., 745 F.Supp. 311, 312-13 (E.D. Pa. 1990) (concerning employee's defamation action against railroad). State courts have concurrent jurisdiction with federal courts over FELA claims. 45 U.S.C. § 56.

But a FELA claim initiated in state court against a railroad may not be removed to federal court. 28 U.S.C. § 1445(a). See Andricola, 745 F.Supp. at 312-13 (remanding railroad employee's defamation action against railroad under authority of Section

1445(a)); Brown v. Nat'l R.R. Passenger Corp., 725 F.Supp. 873, 873-74 (D. Md. 1989) (remanding personal injury action under same reasoning). See also McCoy v. Nat'l R.R. Passenger Corp., 315 F.Supp.2d 658, 659 (E.D. Pa. 2004) (stating FELA claim not removable from state court); Neibuhr v. Nat'l R.R. Passenger Corp., 955 F.Supp. 135, 137 (D.D.C. 1997) (same). See also Bell v. Ill. Cent. R.R. Co., 236 F.Supp.2d 882, 892-93 (N.D. Ill. 2001) (stating personal-injury action by employee against railroad is "non-removable"); Lofurno v. Amtrak Nat'l R.R. Corp., No. 91-5978, 1992 WL 170646, at *1 (S.D.N.Y. July 8, 1992) (same).

Smedley asserts a FELA claim on the face of the complaint. It was removed in violation of Section 1445(a). Thus, the Court intends to remand the action. For good cause appearing, the Court will issue an appropriate order and judgment.

          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge